Good morning, this is Cynthia Louise Buckwalter v. Acting Commissioner of Social Security. Mr. Zadeh Vega is here for Buckwalter. Mr. Winters is here for the Acting Commissioner of Social Security. Mr. Zadeh Vega, are you ready to proceed? Yes, Your Honor. Thank you. Good morning, judges, and may I please report at this time. I would like to focus on the first issue, which concerns the inconsistency between the administrative judge's limitation on Ms. Buckwalter to understanding, remembering, and carrying out simple instructions. And the jobs that the Commissioner found Ms. Buckwalter could perform, which required carrying out detailed but unenvolved instructions. And I think one of the key points in this case is that the ALJ excluded the ability to perform detailed instructions from the RFC assessment in this case. And I would like to point to the page 93 of the transcript, which is a questionnaire designed by the Commissioner for a state agency doctors to fill out. And it's answered by Dr. Peck, to whom the ALJ gave great weight. The first or the second question under the category of understanding and remembering instructions, there's a question, does the person have limitation with very short and simple instructions? And the response is not significantly limited. And then the next question is, does the person have limitations with detailed instructions? And the response was that the person is moderately limited. And the ALJ agreed with that on pages 32 and 33 of the transcript, which is the ALJ's decision. And then also on page 27, the ALJ concluded that Ms. Buckwalter has moderate limitations with regards to understanding and remembering instructions. So if the limitation to detailed or detailed but uninvolved instructions, if the ALJ intended for that limitation to exist, the ALJ would have included in the RFC assessment and in the hypothetical question to the vocational expert. So your argument, as I understand it, is that there's an apparent conflict between the vocational experts testimony and the dictionary of occupational titles that the administrative law judge failed to reconcile. And that affected the determination as to whether or not the ALJ's decision was based on substantial evidence. So my question is, why shouldn't we follow the reasoning of the Eighth Circuit in Moore v. Astry and the Fourth Circuit in Lawrence v. Saul, who see no apparent conflict in the limitation to follow simple instructions with jobs that require a reasoning level of two? Your Honor, first of all, I don't entirely agree with the reasoning of the Fourth and the Eighth Circuit. The Fourth and Eighth Circuit said that the uninvolved portion indicates the instructions that are not complicated or not intricate. And to me, that means that the instructions are less than complicated and less than intricate. And that still does not necessarily mean that they are simple. And also the Howard case, which we cited in the reply brief on page 10, it also rejected the kind of reasoning that the Eighth Circuit and the Fourth Circuit provided and indicated that instructions which are detailed but uninvolved means that they're less than intricate or less. I'm sorry. They said that the person may not be able to understand, remember, carry out detailed instructions, which is exactly the kinds of limitations that we had here, even if they're uninvolved and that is not marked by excessive complexity. Could you give me an example of an instruction that is detailed but uninvolved? What are we talking about? So the... The... Well, let me give you one and just see if this works. So let's say I told you to take two steps to the right, two steps forward, two steps to the left, and two steps back. Would that be detailed but uninvolved? I would say that was detailed. The uninvolved means that it's... To me, it means less than complex or less than intricate. And to me, if the person has problems with remembering those instructions, then the person would have... It would be detailed to that person. Okay. What about a simple instruction? I guess I'm just trying to figure out... So we've got the... Your argument is that there's a conflict between these two terms, and I'm trying to figure out... I mean, I think it's your argument that detailed instructions are necessarily complex instructions. Is that a fair understanding of your argument? That's correct. Okay. Yes, Your Honor. So, I mean, I'm just looking for what's a detailed instruction that is not complex. Give me a detailed instruction that is nonetheless simple. Well, for example, the Fourth and Eighth Circuit rely on the information on driving directions. And they're talking about the number of different turns that make the instructions detailed. So if there's a lot of different turns, the instructions are detailed. And I guess it's a spectrum between detailed but uninvolved and complex. And I think that in itself creates an apparent conflict because it's a matter of opinion. If the vocational... If the judge asks the vocational expert a hypothetical question, which includes a limitation to detailed but uninvolved instruction, that could mean different things to different vocational experts. And the court could accept the Fourth and Eighth Circuit reasoning and find that there is no conflict. And then the next day at a hearing, the vocational expert could testify that there is a conflict between detailed but uninvolved and simple instructions. And it's other courts that the plaintiff's appellant cited in the reply brief, like Howard, and then also the Estrada, which was cited in the original brief. They did find a conflict. So the reasonable minds of different judges differ in their view of whether there's a conflict or not. And I think that also creates an apparent conflict. The conflict based on the Washington case, it does not have to be actual. It just has to be apparent. The other circuits say that the difference between a level one and a level two is the length of the instruction, not the complexity. The key is uninvolved. Detail indicates length rather than complexity, and uninvolved also denotes lack of complexity. What's wrong with that? What's wrong with that analysis? Two minutes. If it correlates more with length, then the ALJ should include a restriction on the length of instructions in the RFC assessment and in the hypothetical question to the vocational expert. And I think also the question, another question to ask is, does detail make it more difficult than simple? And the court said it correlates more with length, but it doesn't mean it's not correlated with difficulty as well. Can I ask a question? Is one of the issues that we should also address is the difference between a level two and a level three, or is that that's not relevant? I'm sorry, Your Honor, it was difficult to hear your question. Should we address the difference between a level two and a level three, or is that does not matter in this case? Well, it matters somewhat to the extent that there is an unpublished case from the 11th Circuit where the Johnson case where the court found that there was a inconsistency between a limitation to simple instructions and reasoning level three instructions. And we could follow that same type of reasoning, but it's not relevant at the same time because the issue here is reasoning level two. And then where do you draw the line between reasoning level two and reasoning level three? And that's something that the judge, ALJ, has to figure out or address, figure out by addressing that by inquiring with the VE about the conflict. I see my time is up, but I'll be happy to answer any other questions. All right. Thank you, counsel. And we'll hear from Mr. Winters. Morning. May it please the court. Richard Winters for the Commissioner of Social Security. This case highlights that the plain meaning of words matters. First, take the limitation to simple instructions. In the work context, simple means easily understood. And on its face, simple instructions is not inconsistent with detailed but uninvolved instructions, which is part of the definition of reasoning level two, because the word detailed is qualified by the word uninvolved. And uninvolved here really is the operative word. And the common understanding of uninvolved is not complicated or intricate. Fourth Circuit found that, and so did the Eighth Circuit. And a synonym actually for simple is uncomplicated, uninvolved. Because Social Security administration ALJs are very familiar with the Department of Labor's Dictionary of Occupational Titles, an ALJ would reasonably see no apparent conflict between the limitation of simple instructions, that is, easily understood instructions, with jobs that involve detailed but uninvolved instructions. In other words, instructions that are not complicated or intricate. And the Fourth Circuit in Lawrence did shed some important light, helpful light, on this issue when they said that detailed instructions are generally less correlated with complexity than they are with length. And that instructions often include many steps, each of which is straightforward. There was a question earlier about what would be a detailed instruction. Well, if you look at Reasoning Level 1, the definition in the DOT for that is one- and two-step instructions, which implies, and you can make the inference, that a detailed instruction could involve as few as three steps. And in Lawrence, the court gave the example of driving instructions. They could be quite detailed, involving many turns and the like, but they could nevertheless be uninvolved. And so to borrow the language from this court's decision in Lindo, Washington, there's no apparent conflict in this case because a reasonable comparison of the DOT that the ALJ would embark upon with the DOT's description of Reasoning Level 2 and the VE's testimony that a person limited to simple instructions could perform Reasoning Level 2 jobs, it does not suggest there's a reasonably ascertainable or evident conflict. The Eighth Circuit found that, and the Commissioner urges this court to adopt the Eighth Circuit's reasoning. Significantly, Claimant has really not cited any compelling authority to support an apparent conflict in this situation. Claimant relies on the Fourth Circuit's unpublished decision in Henderson, but that case is factually distinguishable and does not support her argument. Henderson found an apparent conflict between the Claimant's RFC for one- and two-step tasks. First of all, that's a different limitation than the limitation we have in this case, and Reasoning Level 2. And in this case, of course, there is not a one- and two-step instruction limitation. And if there were, it would fall under Reasoning Level 1, not Reasoning Level 2. And the Ninth Circuit, in a case called Rounds, and that's the decision that really informed the Fourth Circuit's decision in Henderson, the Ninth Circuit explicitly noted that it was the specific restriction to one- and two-step tasks that was the problem, and that a limitation to simple or repetitive tasks would not pose the same problem. So, likewise, in this case, assuming it was involved with the same limitation. Then in the reply brief, the Claimant does cite Howard, which is out of the Middle District of Florida, and that relied on the Fourth Circuit's decision in Thomas. But the District Court did not seem to recognize that the limitation in Thomas was different than the limitation in this case, and it's very significant. The limitation in Thomas was to short simple instructions, not just simple instructions, but short simple instructions, which correlates with Reasoning Level 1. And also, the District Court, it looked at the plain meaning of words. And in our opinion, Your Honors, the District Court adopted a very restrictive definition of involved. The Court said involved means marked by extreme and often needless or excessive complexity. Well, that definition does not seem to fit the work context. The more accurate meaning of uninvolved in the context of the Dictionary of Occupational Titles, we think, is not complicated or intricate, which is what the Fourth Circuit in Lawrence said after it issued the Thomas decision. So the Commissioner urges that the Court find persuasive the reasoning of the Eighth and Fourth Circuits in Moore and Lawrence, respectfully, and conclude that there is no apparent conflict between a limitation to simple instructions and Reasoning Level 2 jobs. And I'll point out that in Washington, the apparent conflict was very obvious. The conflict involved, the question involved a limitation to occasional fingering. That's what the ALJ included in the claimant's RFC. But the jobs that were identified by the DE in response to a hypothetical that reflected the RFC involved frequent fingering. So anyone who's familiar with the DOT and hearing that testimony from the DE would realize immediately there's an apparent conflict, and then that would implicate SSR 004P and Washington, which says that the ALJ has to identify the conflict, ask the DE about it, and then resolve it in the ALJ's decision. Mr. Winters, could you give me a hypothetical instruction that is not simple? Like give me a complex instruction, but the complexity doesn't depend on the length of the instruction? Well, often what ALJs do to account for what you're suggesting is to say that the claimant can perform one to five-step instructions, one to three-step instructions, and how they do it. If it's one to two-step instructions, then that would not be a simple instruction. That would limit the claimant to reasonable level one jobs. But as I said, under reasonable level two, detailed but uninvolved, that could involve as few as three steps. Right, and I guess my question is you're arguing that there's no inconsistency between telling someone that they can only follow simple instructions but that they would be possible to take a job that requires them to do detailed but uninvolved instructions. And your argument is that, well, detailed but uninvolved and simple, these are really about the length of the instructions, right? That's your position. Yeah, detail is more about length than complexity. Right, but simple is not about length. Simple is about complexity, right? So the limitation for simple instructions is about complexity. That's your position? Yeah, in the sense that simple means easily understood. Right, and so what's an instruction that would not be easily understood? Give me just an example of an instruction that would not be easily understood but is not based on the length of the instruction. Well, for example, in reasonable level three, the person has to be able to not only understand oral and written instructions, but they have to understand diagrammatical instructions. And those would not be simple for a lot of people to comprehend. Let me ask you a question. I'm sorry. So a detailed instruction would be an instruction that would have many steps, or it would have a lot of detail. So it would have one through ten. So you're talking about the length as opposed to the level of complexity. That's right, Your Honor. Well, how about if you're a laundry worker and you're instructed to put the clothes in the washing machine, take them out, put them in the dryer, take them out of the dryer, and fold them, and then take them to the person who, you know, hired you to do the laundry. Would that be a detailed but uninvolved instruction? Yes, that strikes me as exactly that, Your Honor. Detailed because there are quite a few steps involved, but they're not really complicated. They're not intricate. So the detailed but uninvolved, which is consistent, we would argue, with simple instructions. But if an ALJ said that's a simple job to do, then that would be in conflict with detailed and uninvolved, wouldn't it? Sorry, Your Honor. I'm having trouble hearing that. What if, given that circumstance, the ALJ said that that's a simple instruction that a claimant could follow? Would there be a conflict there? Again, I'm sorry. You need to turn the sound up on your computer, I think, is the solution. Mine's at 100%. Okay. If an ALJ made a determination that that's a simple instruction that a claimant could follow, and therefore she's not entitled to a period of disability, would that be in conflict with a level two? Would that conflict with a vocational expert's testimony that a claimant could follow those instructions, and that would constitute a level two, fall within the level two category? Simple instructions and detailed and uninvolved? You said that's a limitation. Well, the limitation would be simple instructions. Yeah, would there be a conflict there that the ALJ would have to resolve, given the vocational expert's testimony that a claimant could follow those detailed and uninvolved instructions? No, I don't think so, Your Honor. It would not be obvious. And, again, ALJs are very familiar with the DOT, and they're also capable, their attorneys, of looking up the dictionary, of course, to find their plain meaning. All right, if I could please move to the next issue. The premise of the claimant's argument regarding the opinions of the state agency's psychological consultants seems to be incorrect. The claimant suggested the ALJ gave great weight to their psychiatric review technique ratings of moderate difficulties, which is at odds with the ALJ's finding of mild difficulties in that domain of functioning. But the ALJ did not credit that portion of the opinion. The ALJs gave great weight only to the work-related mental limitations that the psychological consultants included in their reports. And although the ALJs stated he was giving their opinions great weight, he did not indicate he was adopting the PRT findings into the RFC, and he was not required to do so. And in any event, the claimant has failed to explain why the discrepancies between the ALJ's PRT ratings of Drs. Jackson and Pack are relevant, because PRT ratings are not an RFC assessment. PRT ratings are not an RFC assessment. Rather, they're used in Steps 2 and 3 to assess the mental impairments of the claimant. The claimant speculates that a moderate PRT may mean she had a greater limitation in her RFC, but Drs. Pack and Jackson did not reach that conclusion themselves. Can you hear me, Mr. Winters? Can you hear me, Mr. Winters? Barely, Your Honor. Yes. That's okay. Somewhere. But Dr. Jackson found that she – I'm having difficulty understanding how someone who could not pay attention for more than five minutes or couldn't follow written or oral instructions could do something that would even be considered a detailed instruction, which is a lengthy instruction. Well, I think the example that Judge Wilson gave with the laundry worker is a good one. Of course, the claimant claims she couldn't concentrate for long periods of time, but the record doesn't really support that, because the other activities suggest otherwise, and many of her mental findings on examination were normal. She often was assessed as being focused and aware and capable of interacting with the medical providers at the hearing. She was able to concentrate and respond to all the questions appropriately at the ALJ. Okay. Does that answer your question, Judge? Yes, thank you. Thank you, Mr. Winters. And Mr. Zabatelle, you've reserved some time for rebuttal.  You're muted. You're muted. I apologize, Your Honor. Okay. Thank you, Your Honor. Well, first of all, again, I would like to note that if you have a limitation to remembering, understanding, carrying out simple instructions, and then you have a job that says the person can perform detailed but uninvolved, unless you could say that detailed but uninvolved is also simple, it's inconsistent. And I think it's detailed makes simple more difficult, and it's especially important in this case because the judge found that Ms. Buckwold has moderate limitations with understanding and remembering instructions, and more detail does make it more difficult for the person to remember. Also, again, the Eighth and Fourth Circuit definition of detailed but uninvolved means not intricate, not complicated, but not intricate and not complicated. We lost Judge McCullough. Should I stop? Yes. Why don't you just stop for a few minutes until we're able to get Judge McGovern back on the screen? Yes, Your Honor. And if we could hold counsel's time, Ms. Tisa, if we could hold the time. Okay. Thank you. Thank you. Sorry about that. Thank you, Your Honor. And so the definition that Fourth and Eighth Circuit used, not intricate, not complicated, that still doesn't mean it's simple. It means less than intricate and less than complicated. And then with regards to the commissioner's argument about Dr. Pack, the LJ limited or determined that the plaintiff appellant has mild limitations in the area of concentration, persistence, and pace. That's inconsistent with Dr. Pack's opinion that a plaintiff appellant has moderate limitations in that area. And the LJ has to, by law, explain the differences between the LJ's conclusion and the opinions of the doctors and also the statements in the obviously probative exhibits that's in the Cowart case. And in this case, one of the limitations in the RFC assessment was limiting Ms. Buckwalter to 10% of off-task. And that appears to be related to Dr. Pack's statement that plaintiff appellant has moderate limitations in getting through a normal work day and work week. And perhaps to the judge, a difference between mild and moderate was a difference between 10% of the time off-task and 15% off-task. The VE did testify in this case that 15% off-task would preclude work. So the LJ should have addressed that opinion. And it does appear that the LJ agreed with Dr. Pack because on page 32 and 33, the LJ specifically stated his agreement with Dr. Pack's opinion. And the LJ did not otherwise explain why, if he didn't agree with some parts of it, the LJ did not provide any explanation for that. So that concludes my rebuttal. I'm not going to address the third issue since Commissioner didn't address it, and I didn't address it in my first argument. And I'll be happy to answer any questions you want to ask. Before you get to that, let me just ask you what relief you are requesting. Let's assume that we agree with you that there's an apparent conflict that the ALJ failed to reconcile. What would our decision in this case be? We would vacate and remand to the district court. And what would the district court do? Remand to the ALJ for the purpose of having the ALJ reconcile the conflict that we say is apparent? That is apparent, the conflict. And again, it's more of a question for the VE. Ultimately, it comes down to what the VE's opinion in that particular case is. And the ALJ's then subsequent inquiry makes sure that what the VE stated is consistent with the dictionary of occupational titles. But that's correct, Your Honor, that would be the relief I request. We'll be requesting, or we are requesting, as you stated, Your Honor. And we lost Judge Lagoa. Mr. Maycock? Yeah, we lost her again. Hold on. Hold on. Hold on. We have Judge Lagoa back. All right, Mr. Sadabea, you can continue with your argument. I see you have a minute and seven seconds left, if you'd like to use it. Thank you, Your Honor. I'm not sure at what point I lost Judge Lagoa, but I think I've addressed everything I wanted to address. And if Judge Lagoa wanted me to repeat any parts of what I said or what she might have missed, or if she or anyone else here has any questions, I'll be happy to answer them. If we were to write an opinion reversing, what is it that we would say? Would we say that we would not follow the fourth and the eighth? Well, I think the fourth and eighth circuit were incorrect in their conclusions because they stated that, or they seem to imply that not complicated or not intricate means simple. And I think it's not the same thing. I think it's somewhere between simple and less than complicated and less than intricate. And then in this case, there were also some specific circumstances that I think led the judge to specifically reject the detailed instructions and only focus on simple. And that's on page 93 of the transcript, Your Honor. I don't think we have the argument, counsel. Thank you. Thank you both. Thank you, everyone.